UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:23-CR-00118-01 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| DARYL BELONEY, SR. | : | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM RULING AND ORDER**

Before the court is the government's oral motion for detention [doc. 32]. Defendant requested a detention hearing [doc. 33], and the parties briefed the issue of whether defendant was entitled to such a hearing. Docs. 44, 46, 47, 48. The court held a detention hearing on February 2, 2024, during which defendant proffered a proposed third-party custodian who was subject to direct and cross examination by the parties. For the reasons set forth below, the motion is **GRANTED**, and defendant is to remain in custody pending sentencing.

I.
BACKGROUND

Defendant Daryl Beloney, Sr. was indicted by a grand jury for possession of a firearm by a prohibited person (18 U.S.C. § 922(g)(1)), possession with intent to distribute controlled substances (21 U.S.C. § 841(a)(1)), and possession of a firearm in the furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). Doc. 1. After his arrest, defendant was brought before a magistrate judge of this court for an Initial Appearance and Arraignment. Doc. 12. During this

court appearance, defendant requested and received appointed counsel, and his appointed counsel requested a detention hearing. Docs. 13, 15, 11.

The court held a detention hearing on October 6, 2023. Doc. 23. The government and defendant called witnesses, and the government proffered the Pretrial Services Report. *Id.* After hearing the witnesses' testimony and reviewing the record, the court determined there was no condition or combination of conditions that could be imposed to ensure the safety of the public, and thus, defendant was ordered detained pending trial. *Id.*

On January 3, 2024, the government issued a Bill of Information charging defendant solely with possession of stolen firearm or ammunition under 18 U.S.C. § 922(j). Doc. 26. Defendant and the government agreed to a plea deal. Doc. 38. Accordingly, the court held a change of plea hearing, during which defendant consented to plead before the undersigned and entered a plea of guilty to the single count in the Bill of Information. Docs. 35, 38. The undersigned issued a recommendation that the district judge accept defendant's guilty plea. Doc. 40. The government then orally moved for detention [doc. 32], and defendant orally moved for a detention hearing [doc. 33]. The matter was set for hearing before the undersigned. Doc. 41. Pursuant to 18 U.S.C. § 3142(f), the court requested defendant identify information that would justify reopening the original detention hearing. Doc. 42. Before defendant responded, the district judge adopted the undersigned's report and recommendation and accepted defendant's plea of "guilty" to Count 1 of the Bill of Information. Doc. 43. Defendant's sentencing is set for April 30, 2024, before the district judge. *Id.*

Following acceptance of defendant's guilty plea by the district judge, the parties filed briefs regarding whether defendant was entitled to a detention hearing at this stage in the litigation. Docs. 44, 46, 47, 48. A detention hearing was held on February 2, 2024, in accordance with 18 U.S.C. §

3143(a). Defendant presented his younger sister as his sole witness. This witness was offered as the proposed third-party custodian for defendant, just as she was at the October 6, 2023, detention hearing. She also provided testimony about how defendant's post-arrest incarceration has affected his family's economic situation; the time and assistance defendant provided to his fiancé, his children and his mother prior to his arrest and incarceration; and complications defendant's fiancé, who is expecting to give birth in April 2024, is experiencing with her pregnancy.

On cross-examination, the witness acknowledged that the living arrangement she is offering now is the same living arrangement proposed at defendant's October 6, 2023, detention hearing. She further acknowledged that when defendant was arrested on the charges underlying this case, defendant was working for her from the address where the narcotics and firearms giving rise to the charges in the indictment were located. No other witnesses were called or evidence submitted, except the government requested the court take judicial notice of the proceedings from the October 6, 2023, detention hearing, including the testimony provided at that time by law enforcement personnel. Other than her testimony about the impact of defendant's current incarceration on his family, the witness's testimony was essentially the same as on October 6, 2023.

## II.
## LAW AND ANAYLSIS

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143(a). Fed. R. Crim. P. 46(c). That provision instructs a judicial officer to order the detention of "a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence" unless they find, by clear and convincing evidence, "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). Thus, there is a presumption in favor of detention that attaches to a convicted defendant. *United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) (citing 18 U.S.C. § 3143).

A convicted defendant seeking release pending sentencing bears the burden to show by clear and convincing evidence that he or she is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lopez*, 504 F. App'x. 297, 298 (5th Cir. 2012).

The court has carefully considered the testimony given at the detention hearing. Defendant has not shown by clear and convincing evidence that he is neither a flight risk nor a danger to the safety of any other person or the community if released pending sentencing. Therefore, the presumption in favor of detention has not been rebutted, and the government's motion must be granted.

### III.
### CONCLUSION

For reasons provided above,

**IT IS ORDERED** that the government's oral motion for detention [doc. 32] be and is hereby **GRANTED**. Defendant is to remain in the custody of the U.S. Marshal pending sentencing.

THUS DONE AND SIGNED in Chambers this 5th day of February, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE